IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**MARK T. SALARY,**

                **Plaintiff,**

        v.                                    CASE NO. 13-3052-SAC

**DINNIS GOFF, et al.,**

                **Defendants.**


**MEMORANDUM AND ORDER**


This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and seeks leave to proceed in forma pauperis.

*The motion to proceed in forma pauperis*

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Previously, the court calculated an initial partial filing fee

of $1.00 and directed plaintiff to submit that amount to the court on or before September 23, 2013. Plaintiff filed a timely objection (Doc. 6) showing that his institutional account has a negative balance and that any money deposited in the account is applied to that debt.

The court concludes plaintiff lacks the financial means to pay the initial partial filing fee and will grant leave to proceed in forma pauperis. Plaintiff remains obligated to pay the $350.00 filing fee, and prison officials will be advised of the obligation by a copy of this order.

*Screening*

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558.

Pleadings filed by a pro se litigant must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court need not accept "[t]hreadbare recitals of the elements of a cause of action

supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff states that he suffers from gastroesophageal reflux disease (GERD) and has used medication for approximately ten years. He claims the prison medical clinic and a physician have refused to treat his condition. He seeks injunctive relief and damages.

The materials attached to the complaint are sick call and grievance forms prepared by the plaintiff and responses to those requests. These materials show that beginning in November 2012, a new GERD protocol was implemented. Under this protocol, those prisoners receiving medication for GERD were to be removed from the medications for a period of eight weeks and then evaluated to determine the need for medication. (Doc. 1, Attach. p. 5.) Plaintiff attended sick call on November 3, 6, and 8, 2012 (*id*., pp. 1-3), with complaints of mild heartburn, gas, and pain. The responses reflect that plaintiff's symptoms, vital signs, and weight were monitored during sick calls (*id*., p. 12) and that his request for medication was referred to the Regional Medical Director (*id*., p. 7).

The court liberally construes plaintiff's allegations to assert a claim under the Eighth Amendment. It is settled that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)(quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

Deliberate indifference involves both objective and subjective components. To meet the objective component, the medical need must be sufficiently serious, that is, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even

a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). To meet the subjective component, the defendant prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 411 U.S. 825, 834 (1994). However, "the subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment." *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006). *See also Perkins v. Kansas Dept. of Corrections,* 165 F.3d 803, 811 (10th Cir. 1999)("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.")

The materials supplied by plaintiff demonstrate that he was removed from medication for a period of eight weeks pursuant to a protocol, that medical staff have monitored his medical condition at sick calls, and that his condition was to be re-evaluated at the close of the eight-week period to assess the need for medication. In response to his grievances, prison authorities referred his request for medication to the Regional Medical Director for consideration. In this context, plaintiff's complaint concerning the temporary cessation of medication does not provide a factual basis for a finding of deliberate indifference by any defendant. Therefore, this matter is subject to summary dismissal.

*Plaintiff's motion to amend*

Plaintiff seeks to add a defendant to this action (Doc. 7). He claims the defendant, identified as Dr. Bumgarder, refuses to approve hernia surgery, based upon the current status of the plaintiff's

hernia.

Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to bring multiple claims, whether related or not, in an action against a single defendant. However, to name additional defendants in a single action, a plaintiff must show both (1) a right to relief against each defendant arising from the same transaction or series of occurrences and (2) a common question of law or fact linking the parties and claims for relief. Fed.R.Civ.P. 20(a).

Because the claim concerning the denial of hernia repair does not appear to be related to the claims presented in this action, does not involve a common defendant, and because the grievance materials supplied in the present action do not suggest that plaintiff has presented the claim concerning hernia repair through the grievance procedure, the court denies his motion to add defendant Bumgarder and the claim concerning surgical hernia repair to the present action.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion to proceed in forma pauperis (Doc. 3) is granted. Collection action shall continue pursuant to 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED plaintiff's motion to add defendant (Doc. 7) is denied.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim for relief.

Copies of this order shall be transmitted to the plaintiff and to the finance office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

DATED:  This 8th day of October, 2013, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge